UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CAROL DORSEY                                                                                              PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:15cv566-DPJ-FKB

DR. CEDRICK GRAY in his Individual Capacity                                             DEFENDANTS
and JACKSON PUBLIC SCHOOL DISTRICT

ORDER

This § 1983 case is before the Court on Defendants' Motion for Qualified Immunity and to Dismiss for Failure to State a Claim upon which Relief can be Granted [31]. For the reasons that follow, the motion is granted, but dismissal will be without prejudice to Plaintiff's right to seek leave to amend.

I.      Facts and Procedural History

Plaintiff Carol Dorsey began her employment as Executive Director of Human Resources for Defendant Jackson Public School District ("JPSD") in January 2010. In May 2015, JPSD's district counsel, Joanne Shepherd, emailed Dorsey with two hiring recommendations; one of the recommendations was that Jeffrey Stallworth be hired as ombudsman. According to Dorsey's Amended Complaint, until April 16, 2015, Stallworth had been required to register as a sex offender. Am. Compl. [3] ¶ 9. Shortly after Shepherd notified Dorsey of the recommendation to hire Stallworth, a local news reporter contacted JPSD about the selection of Stallworth as ombudsman. Shortly thereafter, Defendant Dr. Cedric Gray, JPDS's Superintendent, informed Dorsey that her employment was being terminated because he "ha[d] lost confidence in [her] continued service as a key member of [his] administrative team." Termination Letter [3-4].

Believing that she "was fired because Dr. Gray and Joanne Shepherd suspected that she told the media about Dr. Gray's plan to hire Stallworth," Dorsey filed this lawsuit against Gray

and JPSD on August 7, 2015. Am. Compl. ¶ 23. She alleges claims under 42 U.S.C. § 1983 for purported violations of her rights under the First and Fourteenth Amendments. Defendants moved to dismiss, asserting that the Amended Complaint fails to state a claim upon which relief may be granted and that Gray is entitled to qualified immunity. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

Finally, when considering a motion under Rule 12(b)(6), the Court's review is ordinarily limited "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The Court may also consider documents attached to the motion to dismiss "if they are referred to in

the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (internal quotation marks and citation omitted).

In this case, the parties attempted to expand the Rule 12(b)(6) record by referencing an email chain Defendants attached to their motion. The email chain begins with Shepherd's email to Dorsey recommending Stallworth, which Dorsey forwarded to Stefanie Nelson with the commentary "REALLY!!" Email Exchange [32-1]. While the initial email from Shepherd was referred to in Dorsey's complaint, the subsequent email was not. The Court therefore may not consider the attachment without treating the motion to dismiss "as one for summary judgment." Fed. R. Civ. P. 12(d). The Court declines to do so and will limit its analysis to the contents of the Amended Complaint.

III. Analysis

    A. Qualified Immunity Standard

Here, JPSD has moved to dismiss on the basis of failure to state a claim, while Gray asserts the defense of qualified immunity. Qualified immunity is a shield from individual liability for "'government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). "[Q]ualified immunity generally protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Courts use a two-step analysis to determine whether qualified immunity applies. "[A] court addressing a claim of qualified immunity must determine first whether the plaintiff has adduced facts sufficient to establish a constitutional or statutory violation." *Collier v.*

*Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  Second, if a violation has been alleged, the Court must determine "'whether [the officer's] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question.'"  *Id.* (alteration in original) (quoting *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007)).  And "[w]hen a defendant raises qualified immunity, the burden is on the plaintiff to 'demonstrate the inapplicability of the defense.'"  *Coleman v. Marion Cty.*, No. 2:14cv185-DPJ-FKB, 2015 WL 5098524, at *6 (S.D. Miss. Aug. 31, 2015) (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)).

At the Rule 12(b)(6) stage, "to hold that the defendant violated the law at step one of the qualified-immunity analysis . . . is simply to say that the plaintiff has stated a claim upon which relief may be granted."  *Morgan v. Swanson*, 659 F.3d 359, 384 (5th Cir. 2011); *accord Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015) ("[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." (internal quotation marks and citation omitted)).  Thus, if Defendants are correct that the Amended Complaint fails to state a claim, the claims against both JPSD and Gray would be subject to dismissal.

      B.      Discussion

The Court reads Dorsey's Amended Complaint as asserting two related First Amendment claims under § 1983:  (1) that she was terminated in retaliation for engaging in protected speech; and (2) that she was terminated without the benefit of a reasonable investigation under *Waters v.*

*Churchill*, 551 U.S. 661 (1994).[1]  The starting point for an analysis of either claim is the same: "The First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern."  *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006).  And the Fifth Circuit has expressly held that where a public employee denies having spoken out on an issue, the employee's First Amendment rights are not implicated.  *Jones v. Collins*, 132 F.3d 1048, 1053–54 (5th Cir. 1998); *accord Spencer v. Cain*, 480 F. App'x 259, 262 (5th Cir. 2010) ("[A] plaintiff cannot assert a First Amendment violation over a statement that he denies making.").

Defendants read Dorsey's Amended Complaint as flatly denying that she leaked the news of Stallworth as a potential hire to the media.  *See* Defs.' Mem. [32] at 2 (citing Am. Comp. [3] ¶ 24 ("Dr. Gray relied on reports from other individuals some of whom may have been responsible for the leak.")).  The Court does not read Dorsey's Amended Complaint as clearly denying that she engaged in the speech for which she claims to have been terminated, but in response to Defendants' motion, Dorsey seems to concede that "she did not leak information about the defendants' plans to hire a former registered sex offender."  Pl.'s Mem. [38] at 9.  Instead of standing by her initial theory of the case, Dorsey instead offers a new factual theory:  that she was terminated in retaliation for her one-word email message forwarding the recommendation to

---

[1]Dorsey asserts that the investigation called for by *Waters* is required by the Fourteenth Amendment, although the plurality opinion did not refer to that amendment.  *See Waters*, 511 U.S. at 686–89 (Scalia, J., concurring in the judgment) (explaining that the plurality decision in *Waters* "creat[ed a] procedural First Amendment right" to an investigation).  Nor does the Amended Complaint allege that Dorsey had a protected property interest in continued employment with JPSD, and neither party explored the issue.  *See Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 304 (5th Cir. 2006) ("Plaintiffs seeking protection under the federal Due Process Clause must first establish that they have a protected property interest.").  The Court therefore addresses the claims under the First Amendment.

hire Stallworth. But this speech is not discussed in the Amended Complaint and is instead improperly before the Court under Rule 12(b)(6).

Given that Dorsey has seemingly shifted the factual basis for her claims, Defendants' motion to dismiss is granted. "But a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to re-filing. Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable . . . ." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted).

Here, Dorsey has requested in her response that the Court "allow her to amend her Complaint." Pl.'s Mem. [38] at 10. But she failed to follow Uniform Local Rule 7(b)(3)(c), which states that "[a] response to a motion may not include a counter-motion in the same document." Accordingly, there is no motion to amend before the Court.

The Court will nevertheless dismiss the complaint without prejudice. Dorsey may file a motion to amend, attaching a proposed amended complaint, within ten days of the entry of this order. The Court anticipates that Defendants, raising the same arguments they pursued in their motion to dismiss, will assert that amendment would be futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile."). Dorsey should be mindful of this standard and the standards required to overcome qualified immunity in crafting a proposed amended complaint.

IV.    Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motion for Qualified

Immunity and to Dismiss for Failure to State a Claim upon which Relief can be Granted [31] is granted, and the Complaint is dismissed without prejudice.  Dorsey may file a motion to amend, attaching a proposed amended complaint, within ten days of the entry of this order.  Failure to so move within the time allowed will result in the entry of final judgment in favor of Defendants.

**SO ORDERED AND ADJUDGED** this the 6st day of September, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE