UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CAROL DORSEY                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:15-CV-566-DPJ-FKB

JACKSON PUBLIC SCHOOL DISTRICT                                                    DEFENDANT

ORDER

Plaintiff Carol Dorsey believes that Defendant Jackson Public School District ("JPSD") terminated her employment because she engaged in speech protected by the First Amendment to the United States Constitution. JPSD has moved for summary judgment, arguing that Dorsey did not speak as a citizen on a matter of public concern. *See* Def.'s Mem. [69] at 7–9. The Court needs clarification and therefore requests additional briefing on three issues.[1]

I.      Background

JPSD employed Dorsey as its Executive Director of Human Resources. In that capacity, Dorsey received an email directing her to place two hiring recommendations on the school board's agenda. Consistent with her job responsibilities, she forwarded the email to her assistant for posting on the agenda, but Dorsey apparently disagreed with the decision and added the word "REALLY!!" JPSD eventually backed off the hiring recommendation but terminated Dorsey's employment.

---

[1] This Order is written for the benefit of the parties and assumes their knowledge of the underlying facts and legal standards. In addition, the Court has made no holdings at this point and will not do so before hearing from the parties and completing its research.

II.   Questions

   A.   Mixed Speech

The parties now dispute the second element of Dorsey's First Amendment retaliation claim—whether she spoke as a citizen on a matter of public concern. JPSD's core argument for dismissal is that the email was sent pursuant to Dorsey's "official duties" because the "speech was made in the course of performing her employment." Def.'s Mem. [69] at 8 (brackets omitted) (citing *Anderson v. Valdez*, 845 F.3d 580, 595 (5th Cir. 2016))). In other words, any statements Dorsey made within the email were made pursuant to her duties.

But JPSD needs to explain its argument in light of Fifth Circuit law on mixed speech. In *Davis v. McKinney*, the Fifth Circuit considered whether the plaintiff acted as an employee when she sent an internal complaint letter that contained some statements that related to her job and some that did not. 518 F.3d 304, 314 (5th Cir. 2008). The *Davis* court concluded that the letter constituted mixed speech. *Id.* at 314–15; *see also Gibson v. Kilpatrick*, 838 F.3d 476, 485 (5th Cir. 2016) (holding that "even a mere scintilla of speech regarding a matter of public concern is sufficient to treat the entire communication as mixed speech") (citation omitted). The court then held that it must "consider[ ] separately discrete topics within a single communication for purposes of applying post-*Garcetti* First Amendment analysis" regarding employee status. 518 F.3d 304, 315. So based on *Davis*, it is not apparent that Dorsey's added comment was made as an employee *just because* it occurred while performing a work-related task. If *Davis* survives *Lane v. Franks*, 134 S. Ct. 2369, 2379 (2014), then it seems instead that this Court should consider separately the statement "REALLY!!"

Assuming *Davis* applies, other questions also require further attention. Looking separately at the "REALLY!!" statement, the more precise issue is whether the comment "itself

ordinarily [falls] within the scope of [Dorsey's] duties, not whether it merely concerns [read: relates to] those duties." *Anderson*, 845 F.3d at 595–96 (quoting *Lane*, 134 S. Ct. at 2379). To answer that question, the Fifth Circuit has looked to factors such as "job descriptions, whether the employee communicated with coworkers or with supervisors, whether the speech resulted from special knowledge gained as an employee, and whether the speech was directed internally or externally." *Howell v. Town of Ball*, 827 F.3d 515, 523 (5th Cir. 2016) (quoting *Davis*, 518 F.3d at 313). The Fifth Circuit also noted in *Anderson v. Valdez* that "[w]hen an employee was not actually 'performing work assigned by the employer,' he nonetheless might have acted within the scope of his employment—or pursuant to his official duties—if he was 'engaging in a course of conduct subject to the employer's control.'" 845 F.3d at 596 (quoting Restatement (Third) of Agency § 7.07).

In this case, the undisputed record evidence is that Dorsey was not consulted on this specific hiring recommendation but that as the Executive Director of Human Resources, one of the "essential function[s] of her job was to coordinate the entire personnel process to include . . . appointment . . . of all personnel employed by the system." Job Description [73-2] at 1. Given the fact that hiring decisions fall squarely within Dorsey's essential functions, it at least appears that comments she makes to her HR staff, about an HR decision, based on information she obtains due to her position, and that never leaves the HR department would be subject to her employer's control and otherwise fall within her ordinary duties. And these facts may distinguish Dorsey's primary authority, *Rankin v. McPherson*, where two co-workers were fired for their comments on a political issue that was unrelated to their work. 107 S. Ct. 2891, 379–80 (1987). Having said all that, neither party adequately addresses the mixed-speech issue or the more precise application of *Lane* and *Anderson* to Dorsey's ordinary duties.

3

B.  *Waters v. Churchill*

The Court likewise has questions about the *Waters v. Churchill* claim. 511 U.S. 661 (1994). In her Second Amended Complaint ("SAC"), Dorsey avers that JPSD failed to conduct a reasonable investigation before terminating her employment. *See* SAC [50] ¶ 19. She appears to assert that this violated her rights and entitles her to a remedy.

As a threshold issue, the Court requires further briefing on whether *Churchill* creates a constitutional right that would allow a cause of action under § 1983. Cases citing *Churchill* frequently observe that speech should be viewed in light of what the employer reasonably believed the employee said. *See Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 185, 192 (5th Cir. 2005). But that presumption will not apply if the employer fails to conduct a reasonable investigation. *See id.* at 192. While cases like *Salge* generally speak about the right to such an investigation, the parties need to address whether this is simply an evidentiary issue or a substantive right that is enforceable on its own under § 1983.

In addition, it is not apparent that JPSD's citation to *Salge* supports the argument that undisputed speech requires no investigation. JPSD says that *Churchill* "requires an investigation only where there is a dispute about what the speaker said." Def.'s Mem. [69] at 11. It then cites the following language from *Salge* to support that assertion: "In *Churchill*, unlike the instant case, the difference between the two versions of the employee's speech was determinative, as one version implicated protected speech and the other did not." *Id.* (quoting *Salge*, 411 F.3d at 185). But that passage addressed the *Churchill* holding related to the *Connick v. Myers* inquiry into whether the speech was on a matter of public concern. *See Salge*, 411 F.3d at 185 (citing *Connick*, 461 U.S. 138 (1983)). The parties should address—with more specific authority— whether the duty to investigate exists where there is no dispute over what was said.

4

C.  Invasion-of-Privacy Claim

Dorsey's First Amended Complaint did not include an invasion-of-privacy claim. But her proposed SAC did. *See* SAC [42-1] ¶ 22. Defendant did not specifically oppose that portion of the motion to amend. *See* Def.'s Resp. [43]; Def.'s Mem. [44]. And frankly speaking, the Court did not initially notice it either. Accordingly, even assuming Defendants are entitled to summary judgment on the First Amendment claim, judgment would be partial. The parties should therefore address the status of the invasion-of-privacy claim.

The parties are given 14 days from the date of this Order to file simultaneous supplemental briefs addressing only the issues identified in this Order. No additional briefing will be permitted absent further order of the Court.

**SO ORDERED AND ADJUDGED** this the 29th day of November, 2017.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE